UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Linda G. as Parent/Guardian/Next Friend of A.G., a Minor Individual With a Disability, § § § § Plaintiffs, § § v. § § NORTHSIDE INDEPENDENT SCHOOL DISTRICT, § § § § Defendants § | Civil Action No. 5:17-cv-00002 |

**PLAINTIFFS' COMPLAINT FOR PREVAILING PARTY ATTORNEYS' FEES, AND RECOVERABLE COSTS, PURSUANT TO THE IDEA AND FOR ENFORCEMENT OF HEARING OFFICER'S DECISION**

Comes now, Linda Gomez, as parents/guardian/next friend of A.G., a minor student with a disability, collectively termed Plaintiffs herein, and bring this *Plaintiffs' Complaint for Prevailing Party Attorneys' Fees and Recoverable Costs Pursuant to IDEA* to require the Northside Independent School District (hereinafter, "Defendant District") to pay the Cuddy Law Firm, P.L.L.C. (hereinafter, "Cuddy Law") attorneys' fees and reimburse certain recoverable costs for their successful representation of Plaintiffs in an administrative hearing held pursuant to the Individuals with Disabilities Education Act (hereinafter, "IDEA"), 20 U.S.C. §1400, et. seq. (2004), and to enforce the hearing officer's decision and in support thereof, respectfully show the following:

**I. STATEMENT OF THE CASE**

1. A.G. is a middle school student with autism, and other related disabilities. There is no

1

dispute he is a student entitled to special education and related services pursuant to the IDEA.

2. Plaintiffs prevailed in large part, in an administrative proceeding, against the Defendant District to ensure A.G.'s right to certain special education services to assist him given his disabilities. The case was entitled *Adan G. b/n/f/ Linda G. v. Northside Independent School District,* Dkt. No. 312-SE-0716. As detailed more fully below, the hearing officer concluded the Defendant District had denied A.G. a free appropriate public education, ordered financial reimbursement, compensatory education and other remedies.

3. Plaintiffs, as prevailing parties, are entitled to an award of reasonable attorneys' fees and costs in connection with those administrative proceedings, as well as attorneys' fees and costs incurred in filing and pursuing this action, plus any additional relief to which they may be entitled, including enforcement of the hearing officer's decision.

## II. JURISDICTION

4. This cause arises under the IDEA, 20 U.S.C. §1400 et. seq. (2004), 34 C.F.R. Ch. 300 and Texas special education law at 19 Tex. Admin. Code Chapter 89. This Court has subject-matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1400 et. seq. and specifically pursuant to 20 U.S.C. §1415(i)(2) and (i)(3)(A).

5. The claim herein for attorney's fees and expenses is authorized by 28 U.S.C. §2201 and §2202 by 20 U.S.C. §1415(i)(3).

6. Venue in this Court is proper under 28 U.S.C. §1391(b).

## III. PARTIES

7. <u>Plaintiffs.</u>

A.G. is a minor middle school student identified as having autism and other disabilities. Linda G. is the parent, guardian, and next friend of A.G. At all relevant times, the family

resided within the Defendant District's attendance boundaries. A.G. has and does qualify as a student with a disability under the IDEA. He is eligible for special education and related services under 19 Texas Admin. Code, Chapter 89. Plaintiffs were the Petitioners in an underlying administrative proceeding commenced as required under IDEA and Texas law.

8.  <u>Defendant.</u>

Northside Independent School District ("Defendant District") is and was at all relevant times, a public school district duly organized and existing under Texas law. The Defendant District is a recipient of federal funding pursuant to the IDEA. The Defendant District is and was at all relevant times, legally responsible for providing A.G. with a Free Appropriate Public Education as required by the IDEA, related federal regulations, and the state rules and regulations promulgated by the Texas Education Agency (hereinafter, "TEA").

## IV. FACTS RELATED TO UNDERLYING ADMINISTRATIVE HEARING

9.  On July 22, 2015, Plaintiffs filed with TEA a request for a special education due process hearing pursuant to 20 U.S.C. §1415 and Texas regulations. TEA assigned experienced hearing officer, David Berger of the State Office of Administrative Hearings ("Hearing Officer Berger"), to the matter, and the case was entitled *A.G. by Linda G., v. Northside Independent School District,* TEA Docket No. 312-SE-0716, (hereinafter "Due Process Hearing").

10. Prior to the hearing, counsel participated in various prehearing conferences, including an in-person prehearing conference where evidence was taken on the statute of limitations, and exchanged exhibits and witness lists. Subpoenas were issued for files of various third parties.

11. An in-person prehearing conference was held for about five hours on August 16, 2016 to address a statute of limitations issue. Three witnesses testified and evidence as offered and accepted. Thereafter, a three day hearing on the merits of the case was held on September 14,

15, and 16, 2016. Twelve witnesses testified at the September hearing. Plaintiffs presented ten witnesses, two of whom were school employees. Plaintiffs' experts were Dr. Lesli Doan, a Licensed Specialist in School Psychology ("LSSP"); Dr. Patricia Harkins, a Developmental Pediatrician; Cynthia Huertas, a private teacher/tutor; Dr. Tejada, an audiologist, and Ms. Medrano, a speech therapist. The Defendant District designated Ms. LaVern Taylor, a Licensed Specialist in School Psychology ("LSSP"), as an expert. The transcript was 6 volumes for the main hearing, (some 880 pages) plus the August 16, 2016 statute of limitations hearing transcript which exceeded 100 pages. The parties stipulated to some exhibits and in excess of 60 exhibits were admitted, the majority of which were multiple pages in length. Each party submitted a post-hearing brief.

12. On December 5, 2016, after sitting through a total of four days of hearing, listening to the various witnesses and argument of counsel and considering the evidence, and the parties' post-hearing briefs, Hearing Officer Berger concluded that the Defendant District had denied A.G. a Free Appropriate Public Education and ordered certain remedies. A properly redacted copy of Hearing Officer' Berger's decision is attached as to this complaint as "Exhibit 1", and is incorporated by reference. See, <u>Exhibit 1.</u> Hearing Officer Berger's decision is 58 pages long, includes 122 findings of fact, and contains detailed conclusions of law.

13. Specifically, on December 5, 2016, in his 58 page decision, Hearing Officer Berger concluded that the Defendant District denied A.G. a free appropriate public education from March 2015 through a proposed June 2016 IEP and date of decision. <u>Exhibit 1</u>, at 56-57. HO Berger found that the Defendant District failed to evaluate A.G. in all areas of suspected disability including central auditory processing and behavior, wrongfully denied A.G. an independent educational evaluation for central auditory processing and erred in concluding

A.G. was a student with an intellectual disability. Hearing Officer Berger concluded that the Defendant District failed to design appropriate IEPs for A.G., (with requisite present levels of performance, and measurable goals and objectives), failed to track his progress and mastery of IEP goals, failed to provide progress reports to Ms. Gomez (which impeded her ability to meaningfully participate in the IEP process), failed to comply with the Texas Autism Supplement, failed to comply with the requirements of Prior Written Notice, failed to ensure A.G. received positive behavioral support programming, failed to provide appropriate speech and language services to A.G., failed to provide A.G. appropriate social skills training, failed to provide A.G. with assistive technology, failed to provide A.G. social skill straining, and failed to ensure A.G. received extended school year services. Exhibit 1, at 55-57. Hearing Officer Berger awarded Plaintiffs $18,800.00 in prospective services, determined the current private home-school placement to be an appropriate private placement and ordered reimbursement to the parents for out-of-pocket expenses in the amount of $30,181.69. Exhibit 1, at 57, Par. 1, and Par. 3. Hearing Officer also ordered funding of a functional behavioral assessment and development of a behavioral intervention plan, and compensatory and social skills under direction of a Board Certified Behavioral Analyst for a period of 15 months, conducting of a central auditory processing disorder, compensatory speech and language therapy and services for 15 months, and four months of in-home Parent Counseling and training. Exhibit 1, at 57-58, Par. 2, 4, and 5.

14. Hearing Officer Berger's December 5, 2016 decision changed the legal relationship between the parties in a manner that was favorable to the family as Hearing Officer Berger determined that the Defendant District denied A.G. a Free Appropriate Public Education during the relevant timeframe. Exhibit 1, at 1-2.

15. The relief granted by the hearing officer's December 5, 2016 decision was more generous and expansive than any offer received from Defendant District prior to hearing, especially since Defendant District never made any written offer. The Defendant District never convened a resolution meeting as required by the IDEA. Defendant District declined to participate in mediation. Defendant District never made a statutory settlement offer pursuant to 20 U.S.C. §1415(i)(3)(D). Defendant District denied that it had failed to comply with the IDEA, vigorously defended its actions as consistent with the IDEA and completely failed to make any written settlement offer prior to the hearing, and thus, Defendant District unreasonably protracted this matter. Because the relief granted by Hearing Officer Berger exceeded that offered by the Defendant District prior to the hearing, Plaintiffs are the prevailing party.

16. Hearing Officer Berger ordered remedies and issued enforceable directives that changed the legal relationship between the parties and the nature of the remedies ordered fosters the purpose of the IDEA.

17. On December 6, 2016, the Texas Education Agency sent a Notice of Decision to the Defendant District reminding the Defendant District of its obligation to fully comply with the Hearing Officer's orders. Exhibit 2. This is further evidence the Plaintiffs' prevailed in this case.

18. Unfortunately, the Defendant District has yet to fully comply with either the December 5, 2016 Hearing Officer's Order or the December 6, 2016, Texas Education Agency's Notice of Decision letter. Plaintiff Linda G. has not been paid $30,181.69 and $18,800.00 as ordered. On December 30, 2016, Plaintiffs' counsel reminded Defendant District, through their counsel, to comply with the Hearing Officer's decision. As this complaint is being filed, Defendant District, through counsel has responded, but not fully so as to ensure complete compliance with

the Hearing Officer's Order. Specifically, it is offering to pay portions of the $18,800.00 but resisting other ordered remedies. To the extent the Defendant District continues to fail to fully comply with the Hearing Officer's decision and orders, the Plaintiffs reserve their right to notify the Court of same and to fully and completely enforce the Hearing Officer's December 5, 2016 decision and all orders therein.

19. Plaintiffs are the prevailing party on numerous issues in the administrative proceeding pursuant to the IDEA, 20 U.S.C. §1415(i)(3)(B), and (G) and are therefore eligible to recover their reasonable attorneys' fees and permitted costs.

20. Plaintiffs are also entitled to enforce the hearing officer's decision in this Court.

## V. FACTS RELATED TO ATTORNEYS' FEES

21. Before the start of the hearing, the Defendant District failed to submit any written settlement offer to Plaintiffs which included the findings, and remedies Plaintiffs obtained as a result of the hearing decision, including a finding that A.G. was denied a Free Appropriate Public Education and extensive remedies including orders of reimbursement of $30,181.69 and prospective payment of $18,800.00 for continued private tutoring for A.G., evaluations and compensatory education and other remedies.

22. Plaintiffs retained the services of the Cuddy Law Firm, P.C. to represent them in the underlying administrative proceedings.

23. The Cuddy Law Firm's primary bill for this matter is $149,472.94. A summary billing statement is attached at <u>Exhibit 3.</u> The entire billing statement is available upon request with appropriate attorney-client and work product privileged information redacted. The firm expended a total of 374.07 hours of attorney time representing Plaintiffs at the administrative level. Paralegal time was a total of 215.04 hours. Expenses were $2,417.44. The statement does

not reflect attorney fees and costs for the present litigation, including the filing fee. The billing statement also does not include the costs of experts hired for litigation. Plaintiffs do <u>not</u> seek payment for any expert costs as same is precluded by the IDEA. Thus, the total attorneys' fees and costs sought is $149,472.94

24. Following the hearing, and consistent with longstanding case law in the Fifth Circuit, the Plaintiffs have attempted, unsuccessfully, to resolve payment of attorneys' fees and recoverable costs. Promptly after the December 5, 2016 decision, on December 12, 2016, Plaintiffs' counsel forwarded a letter and notice of bill to Counsel for the Defendant District. <u>Exhibit 4</u>. A follow-up letter was sent on December 30, 2016 in an effort to resolve the fees. The Defendant District has not agreed to pay any portion of the attorneys' fees and recoverable costs as of this date. Thus, this fee petition is necessary to resolve the dispute.

25. Elizabeth Angelone was co-counsel on this case (hereinafter, "Ms. Angelone"). Elizabeth Angelone was the primary counsel on the case. She is a graduate of St. Mary ' s School of Law and was admitted to practice in November 2012. Ms. Angelone is admitted in the Western District since 2012.

26. Ms. Angelone, a former educator, has been representing families of children with disabilities since November 2012. She has represented parents and special needs children in administrative cases, administrative hearings and court cases on issues related to the IDEA, Section 504, and related state laws Texas. Prior to becoming an attorney, Ms. Angelone was an award-winning educator for over 15 years. Ms. Angelone served as a model instructor for co-teach special education inclusion. She has served as a curriculum consultant to the Texas Education Agency, a district-curriculum director, assistant principal, department chairperson and in various other leadership roles in school systems. She has participated in countless Admission,

Review and Dismissal (ARD) meetings as both a teacher and an administrator. Ms. Angelone has served on as a participant in a special workforce to improve training for juvenile case managers in municipal courts, and her Comment regarding truancy in Texas has been cited multiple times. Ms. Angelone devotes her practice primarily to the field. Ms. Angelone charges $250.00 per hour, which is reflective of her unique experience as an attorney with leadership educational experience. Ms. Angelone has practiced in the area of family law; her hourly rate for those services is $250.00 per hour, a rate recognized by Travis County District Courts.

27. In preparation for the due process hearing, Ms. Angelone participated in conference calls, filed and responded to motions and pleadings, had one oral discussion about settlement, participated in meetings, conducted limited discovery, reviewed thousands of pages of documents, interviewed and prepared potential witnesses, interviewed and prepared expert witnesses, analyzed and researched a wide variety of complex factual and legal issues, and prepared an extensive trial plan to manage the presentation of the hearing over the course of multiple days.

28. During the three-day hearing, Ms. Angelone, along with co-counsel, examined and cross-examined numerous witnesses, offered numerous exhibits and spent hours all three days in the hearing, and before and after the hearing day in preparation. After the hearing, Ms. Angelone reviewed the transcripts and all admitted exhibits, and had primary responsibility for drafting the post-hearing brief.

29. In total, Ms. Angelone expended approximately 254.80 hours representing Plaintiffs in the administrative proceedings for a total of $63,700.00 in attorneys' fees. The 254.80 hours are reasonable given the complexity of the case and the duration of the matter from fall of 2015 through December 5, 2016.

30. Sonja D. Kerr joined the case in early August, 2016 as co-counsel. (hereinafter, "Ms. Kerr"). Ms. Kerr joined the Cuddy Law Firm as Director of Impact Litigation in January, 2016. Ms. Kerr was licensed to practice in Texas on August 21, 2015 and formally admitted to practice in Texas in September of 2015. Ms. Kerr is admitted to the Western District of Texas as of 2016. Ms. Kerr is a 1987 graduate of Indiana University School of Law, has been actively practicing special education and disability law since that time and is widely recognized as an expert in this area of law. Prior to joining the Cuddy Law firm, she was the Director of Disability Rights for the prestigious Public Interest Law Center of Philadelphia for seven years, where she practiced in special education litigating numerous individual as well as class action efforts. Ms. Kerr has also practiced in Alaska and Minnesota, among other states.

31. The total hours billed by Ms. Kerr of 119.27 hours are reasonable for this matter, particularly given the application of the Texas Rules of Civil Procedure and Texas Rules of Evidence which cause due process hearings to be more complex than in other states. In preparation for the due process hearing, Ms. Kerr prepared for and participated in the August 16, 2016 statute of limitations approximately 5 hour hearing. As a result of that hearing, Hearing Officer Berger concluded that the accrual date for A.G.'s relief would be March 8, 2015 instead of July 22, 2016 (which would be one year from the date of filing), an increase of four months to the statute of limitations. See, *Hearing Officer Order No. 6*, (March 8, 2015).

32. Ms. Kerr also participated in meetings, reviewed thousands of pages of documents, prepared for potential witnesses, interviewed and prepared experts, prepared for taking testimony of all school witnesses without the benefit of depositions, researched complex factual and legal issues, and assisted in the development of the detailed trial plan to manage the presentation of the hearing in an efficient manner over the course of the three days. During the

three-day hearing, Ms. Kerr examined and cross-examined a total of eight witnesses, and offered and objected to numerous exhibits as well as researching various legal issues during the hearing. Once the hearing had been completed, Ms. Kerr reviewed the record and assisted with the drafting of the post-hearing submission which was provided to the hearing officer. On receipt of the decision, Ms. Kerr reviewed same and provided client counsel about it.

33. Ms. Kerr presently bills at $400.00 per hour in Texas. She spent 119.27 hours resulting in a fee of $47,708.00. Fees incurred in preparation of this fee petition and related matters are not included in this petition. The fees sought by Ms. Kerr are reasonable and necessary to vigorously represent the family. Ms. Kerr's rate has been previously judicially determined to be as high as $600.00 per hour in the Eastern District of Pennsylvania as well as both later and earlier decisions determining her rate between $400-$450. *See School District of Philadelphia v. Kimberly Williams*, 116 LRP 9497, 2016 WL 867130 (E.D. Pa., March 7, 2016) ($450.00 per hour rate set noting impressive qualifications and indisputably highly experienced); *I.W. v. School District of Philadelphia*, 2016 WL 147148, 147149 (E.D. Pa. January 13, 2016) ($600.00 per hour rate based on CLS schedule); and *G.J. by Jackson v. Lower Merion School District*, 59 IDELR 33 (E.D. Pa., June, 2012) ($400.00 per hour rate). Ms. Kerr's prior rate in Alaska in 2009 was between $225.00 and $275.00 per hour. *Anchorage School District v. D.S.*, 2009 WL 5908718 (D. AK 2009) (awarding $66,524.97 in fees for a lengthy administrative hearing on rates varying from $225.00-$275.00 per hour); *Anchorage School District v. D.S.*, 110 LRP 11938 (D. AK 2009) (awarding Kerr "fees on fees" at a rate of $250.00). Over fourteen years ago, Ms. Kerr was awarded fees at a rate of $150.00 per hour. *School Board of Indep. School Dist. No. 11, Anoka-Hennepin v. Pachl*, 38 IDELR 123 (D. MN 2002) (awarding Kerr $44,389.73 in fees for 287 hours of work at an administrative hearing at a rate of $150.00

per hour). Ms. Kerr's hourly rate is reasonable given her extensive experience and the complexity of this IDEA case. The number of hours is reasonable as well.

34. Three other attorneys worked on this case with Ms. Angelone in the early stages. Andrew Cuddy, principal of the law firm, billed 4.00 hours at $500.00 an hour for a total of $1,600.00, which was time spent reviewing the due process hearing petition prior to filing. Mr. Cuddy is an experienced special education attorney. He is presently admitted in Texas. Mr. Cuddy has initiated due process hearings against thousands of school district across New York. He speaks publicly on the topic of special education law routinely for various entities and is the author of *The Special Education Battlefield: A Guide to the Due Process Hearing and Other Tools of Effective Advocacy*. Also, early in the development of the case, two other attorneys worked with the family to review documents and develop the due process hearing request. Andrew Weisfield billed a total of 11.90 hours at $250.00 per hour for a total of $2,975.00 and Justin Coretti billed 15.40 hours for a total of $3,850.00.

35. The Cuddy Law Firm utilized two paralegal staff to assist in this matter to reduce the expense of the hearing and their time is reflected on Exhibit 3. Paralegals were billed at the rate of $125.00 per hour, and spent 201.34 hours for a total of $25,167.50.

36. In addition, Nora Cuddy, a law school graduate admitted to practice in New York State and awaiting Texas bar results, worked on the case and was billed at $150.00 per hour. Ms. Cuddy assisted on the case as a paralegal/law clerk, and billed for a total of 13.70 hours resulting in a total of $1,410.00.[1]

37. The amount of time expended by the Cuddy Law Firm was both reasonable and necessary to protect the Plaintiffs' rights and ensure A.G. a free appropriate public education.

---

[1] Ms. Cuddy unexpectedly died on October 2, 2016; Texas Bar Results released in late November, 2016 establish she had passed the bar.

38. Under the IDEA, certain costs related to attorney's fees that were incurred by the family in pursuit of their child's educational rights are also reimbursable and are incorporated into the billing statement of counsel. 20 U.S.C. §1415(i)(3)(B). These costs do not include expert witness fees pursuant to the IDEA because of the Supreme Court's decision in *Arlington Central School District Board of Education v. Murphy*, 548 U.S. 291, (2006).

39. The attorneys' fees and expenses will rise with continued litigation. Plaintiffs remain open to amicable resolution of this matter consistent with long-standing case law that IDEA attorney fee requests should not devolve into a second litigation.

40. Plaintiffs additionally request prejudgment and post-judgment interest on fees awarded.

## VI. FIRST CAUSE OF ACTION (IDEA)

41. Plaintiffs re-allege paragraphs 1-40 above, and incorporate them by reference.

42. By reason of the hearing officer's decision, and as acknowledged by the Texas Education Agency Notice of Decision letter of December 6, 2016, <u>Exhibit 2</u>, Plaintiffs are the prevailing party in the underlying administrative proceeding and now sue Defendant Northside Independent School District for a declaration from the Court awarding them all reasonable attorneys' fees and recoverable expenses for a total of $149,472.94.

43. Plaintiffs seek full enforcement of the hearing officer's decision pursuant to the IDEA.

## VIII. PRAYER FOR RELIEF

44. Plaintiffs respectfully request that this Court enter judgment against Defendants and grant the following relief:

   a. Declare Plaintiffs are the prevailing party in the underlying special education proceeding and in the current federal litigation;

   b. Award Plaintiffs reasonable attorneys' fees and costs, incurred in the administrative

proceedings;

c. Award Plaintiffs reasonable additional attorney fees and costs incurred in pursuing the current action;

d. Award Plaintiffs prejudgment and post-judgment interest on any and all awards of attorneys' fees and permissible costs, and

e. Such other and further relief to which Plaintiffs are entitled, including enforcement of the hearing officer's decision.

Respectfully submitted this January 3, 2017.

>Cuddy Law Firm, PLLC
>8723 Shoal Creek Blvd.
>Austin, TX 78747
>Telephone: (512) 649-3191
>Facsimile: (512) 649-1217
>
>By: */s/ Sonja D. Kerr*
>Sonja D. Kerr
>State Bar No. 24095771
>Email: skerr@cuddylawfirm.com
>Elizabeth Angelone
>State Bar No. 24077349
>Email: eangelone@cuddylawfirm.com

**CERTIFICATE OF SERVICE**

I certify that on January 3, 2017 a true and correct copy of *PLAINTIFF'S COMPLAINT* was served upon counsel for Defendant, as indicated below:

*Via electronic service*

Elvin W. Houston
State Bar No. 24046110
Attorney for Respondent
E-Mail: ehouston@wabsa.com
Walsh Gallegos Trevino Russo & Kyle, P.C.
One International Centre
100 N.E. Loop 410, #900

San Antonio, Texas 78216
Telephone: (210) 979-6633
Facsimile: (210) 979-7024

                                                            */s/ Sonja D. Kerr*
                                                            Sonja D. Kerr
                                                            Attorney for Plaintiffs